UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT C. SMITH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>B. ZAVODNY, *et al*.<br><br>　　　　　Defendants. | CASE NO. C10-5188BHS/JRC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR NON STENOGRAPHIC DEPOSTITIONS WITHOUT PREJUDICE |

This title 42 §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge's Rules MJR 1, MJR 3, and MJR 4.

Plaintiff asks the court to compel production of documents (ECF. No. 28). He does not place before the court the text of the discovery requests in question as required by Local Rule 37 (a)(1)(B). Plaintiff also asks the court to allow him to take telephonic non-stenographic depositions (ECF. No. 30).

Mr. Smith states that on July 13, 2010, he sent defendants a letter in an attempt to get them to agree to non-stenographic depositions. He states he has not received a response. He states he also sent several letters regarding discovery, but did not receive a response. The lack of response is problematic. Local Rule 37 (a) (1) should be re-read by the plaintiff and defense counsel. Failure to meet and confer in good faith can lead to sanctions.

ORDER - 1

Defendants oppose the motion for non-stenographic depositions and state the discovery is not for a proper purpose and is harassment (ECF. No. 33). Defendants have not filed a motion for a protective order as allowed under Fed. R. Civ. P. 26 (c) and Local Rule 26(c). Further, prior to filing such a motion, the parties are required to meet and confer.

Defendants oppose the motion to compel and state the response has been sent (ECF. No. 31). Defendants also argue plaintiff did not properly confer prior to filing his motion. The letters allegedly sent by plaintiff are not before the court and whether they asked for a meeting or raised discovery issues, defense counsel should have conferred and why this did not occur cannot be determined from the record before the court.

What is clear from the motions now before the court is that the parties wish the court to become involved in discovery disputes, but at least one or more of the parties have not complied with this court's rules.

The current two motions, (ECF. No. 28 and 30), will not be considered as this time. The scheduling order in this case is SUSPENDED. The parties are ordered to meet and confer regarding discovery. The meeting may take place in person or telephonically. All parties should cooperate with each other to see that this meeting takes place and that all discovery issues be resolved, if possible, without the necessity of filing additional motions.

The current motions are DENIED WITHOUT PREJUDICE.

The Clerk of Court is directed to send a copy of this Order to plaintiff and remove the deadlines for ECF. Nos. 28 and 30 from the calendar.

DATED this 1st day of November, 2010.

J. Richard Creatura
United States Magistrate Judge