# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

SCOTT C. SMITH,

    Plaintiff,

v.

B. ZAVODNY, et al.,

    Defendants.

Case No. C10-5188BHS

ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 48) and Plaintiff's Objections to the Report and Recommendation (Dkt. 53). The Court having reviewed the Report and Recommendation and Plaintiff's objections thereto, does hereby overrule Plaintiff's objections and adopt the Report and Recommendation as discussed herein.

## I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On August 31, 2010, Defendant William F. Paul ("Paul") moved for summary judgment on Plaintiff's ("Smith") claims against him. Dkt. 26. On November 11, 2010, Magistrate Judge Creatura recommended that the undersigned grant that motion and dismiss the claims against Paul without prejudice. Dkt. 48. On Novembe 11, 2010, Smith filed objections to the Report and Recommendation. Dkt. 53.

Magistrate Judge Creatura presented the facts as follows and Plaintiff does not materially object to this representation of the facts:

    Plaintiff is an inmate incarcerated in a prison in Washington State. Defendant Paul investigated plaintiff for suspicion of bringing contraband

ORDER – 1

| | |
|---|---|
| 1 | into Clallam Bay Corrections Center (ECF No. 26, page 2). The operative facts of the investigation, the finding of guilty, and sanction have been placed before the court (ECF No. 27, Exhibit A). Both marijuana and amphetamines were recovered from Mr. Smith's cell. He also failed a urine analysis test. The sanction included 30 days segregation, 30 days confinement to quarters, and 180 loss of good time (ECF. No. 27 Exhibit A). |

Dkt. 48 at 2; *see also* Dkt. 53 ("Plaintiff clearly does NOT challenge the prison disciplinary infraction or the loss of good time.") (emphasis in original).

## I. DISCUSSION

Magistrate Judge Creatura discussed the relevant issues as follows:

> The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Court added:
>> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.
>
> *Id.* at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id.* If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under §1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (quoting *Edwards v. Balisok*, 520 U.S. 641 (1997)).
>
> Plaintiff lost 180 days good time as a result of this infraction. He must proceed through habeas corpus prior to his cause of action against defendant Paul accruing. Defendant William Paul is entitled to DISMISSAL WITHOUT PREJUDICE from this action.

Dkt. 48 at 2-3.

Smith objects on the basis that, while he does not challenge the prison disciplinary infraction or the loss of time, he does bring "a First Amendment [claim] due to Defendant Paul's retaliatory acts against Plaintiff for his use of the judicial system." Dkt. 53 at 3.

However, Smith misunderstands the issue. If the Court accepted his challenge against Paul, it would necessarily imply the invalidity of the judgment at issue (which Smith claims not to challenge). Thus, Smith must, as Magistrate Judge Creatura correctly concluded, first file and prevail on a petition for habeas corpus before his stated § 1983 claim could accrue.

ORDER – 2

## II. ORDER

The Court having considered the Report and Recommendation, Plaintiff's objections, and the remaining record, does hereby find and order:

(1) The Court **OVERRULES** Plaintiff's Objections;

(2) The Court adopts the Report and Recommendation; and

(3) **GRANTS** Paul's motion for summary judgment thereby **DISMISSING** Smith's claims against him **without prejudice**.

DATED this 12th day of January 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3