UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT C. SMITH,

      Plaintiff,

      v.

B. ZAVODNY, et al.,

      Defendant(s).

Case No. C10-5188BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

     This matter comes before the Court on the Report and Recommendation ("R&R") of

the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 71) and Defendant

Scot Hutson's ("Hutson") objection to the R&R (Dkt. 74).

     The facts are generally not disputed as it pertains to the instant R&R:

        In March of 1989, plaintiff, Scott Smith broke the little finger on his
left hand. Treatment involved casting plaintiff's hand, but the bone did not
mend. The treating physician, Dr. Scott Hutson, allowed Mr. Smith to tape his
little finger to the ring finger after the cast was removed to provide stability
and support to the finger. The bone still did not mend. Over the next 21 years,
Mr. Smith has had paper tape in his cell and he has taped his little finger to his
ring finger. He takes pain medication on and off.
        Mr. Smith has repeatedly reviewed his medical chart and asked for
copies of his chart. These requests are recorded. In 1992, at Mr. Smith's
request, counsel for Mr. Smith reviewed his medical records from 1987 to
1992. The reason for the review was "an injury a couple of years ago." Mr.
Smith also reviewed his medical records in 1991. Id.
        Blue Mountain Medical Group took and interpreted x-rays of the hand
in August of 2005. The review shows the finger has a "fracture dislocation"
with bone distortion and the injury does not appear to be new or fresh. Mr.
Smith was called out of segregation to review the report and his chart. Id.
        Mr. Smith was moved to the Stafford Creek Corrections Center in
March of 2006. At intake screening Mr. Scott states he has a broken finger that
needed fixing. In parenthesis, the intake personnel noted that the hand has
healed offset. In July of 2006, x-rays were again reviewed. Medical personnel

discussed the possibility of fusing the joint on his little finger with Mr. Smith. Mr. Smith refuses to have the finger fused and states he will continue to "buddy tape."

Dr. Hopfner, in his April of 2007 examination of Mr. Smith at Clallam Bay states:

> Mr. Smith has a very unstable old injury to the 5th finger of the PIP. It is basically destroyed and I have advised him that he might consider amputation of the finger at the MP P junction but he refuses to consider that at this time. He wants to tape it to his left ring finger as a temporary solution which he has been doing off and on for several years. I have no objection to this. I gave him an HSR for the tape and he can tape it to his 4th finger . . . .

Plaintiff filed this action on March 17, 2010. Plaintiff names a Correctional Officer B. Zavodny, Dr. Hutson, and Mr. Johnson, the medical director at Clallam Bay Correction Center. Mr. Smith alleges that the medical treatment he has received for his finger from November of 2007 to April 2010 at Clallam Bay is inadequate. He also alleges that no one ever told him that his finger was still broken after the cast was removed and that he did not discover the fracture was not healed until December 28, 2009. Plaintiff seeks to hold Dr. Hutson liable for the treatment plaintiff received in 1989. The allegations against Officer Zavodny and Mr. Johnson are not part of the motion for summary judgment.

Dkt. 71 at 1-3 (citations omitted).

Based on the foregoing, Magistrate Judge Creatura recommended dismissing Smith's claims against Hutson with prejudice "because the incident in question occurred more than twenty years ago and neither tolling of the applicable statute of limitations nor federal law regarding accrual of an action keep the claims against Dr. Huston [sic] from being time-barred." *Id*. at 1. Additionally, Magistrate Judge Creatura declined Hutson's request to find Smith's claim against him to be frivolous.

Hutson objects to the R&R and urges the Court to find Smith's claim against him to be frivolous. However, Hutson does not offer adequate support for his position that Smith's claim was frivolous. *See* Dkt. 74. Hutson has not shown that Smith, pro se, knew or should have known his claims against Hutson were frivolous from the start. Instead, Hutson takes an unavailing, hindsight approach to supporting his position. A claim does not become frivolous merely because it becomes evident that a plaintiff will not be able to support his

position. Magistrate Judge Creatura was also correct in noting that a claim is not frivolous simply by the passage of the applicable limitations period. *See* Dkt. 71 at 5.[1]

Therefore, the Court having considered the R&R, Hutson's objection, and the remaining record does hereby **ADOPT** the R&R. Smith's claims against Hutson are **DISMISSED with prejudice**.

DATED this 29th day of March, 2011.

BENJAMIN H. SETTLE
United States District Judge

---

[1]While Magistrate Judge Creatura correctly concluded that Smith knew of his injury since 1989, it is arguable that the applicable tolling provisions to the statute of limitations did not commence until April 2007. As such, Hutson's argument that the claim is seventeen years stale is not entirely persuasive. Of course, Hutson's claim is still time barred with a date of April 2007.

ORDER – 3