UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT C. SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>B. ZAVODNY, et al.,<br><br>    Defendants. | CASE NO. C10-5188BHS<br><br>MINUTE ORDER |

NOW, on this 15th day of March, 2012, the Court directs the Clerk to enter the following Minute Order:

This matter comes before the Court on Plaintiff Scott C. Smith's ("Smith") motion to renote his motion for leave to depose Defendants (Dkt. 85), motion to appoint counsel (Dkt. 90), and motion for writs of habeas corpus (Dkt. 88).

Smith's motion to renote his motion for leave to depose Defendants is **DENIED** for the reasons given in the order (Dkt. 47) denying his original motion for leave to depose Defendants (Dkt. 30).

Smith also filed a motion to appoint counsel. Dkt. 90. There is no right to have counsel appointed in civil cases. Although a court, under 28 U.S.C. § 1915(e), may

request counsel to represent a party proceeding in forma pauperis, the court may do so only in exceptional circumstances. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of a plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Here, Smith fails to demonstrate exceptional circumstances that warrant appointment of counsel, and has demonstrated an adequate ability to articulate his claims pro se. The remaining legal issues are narrow and are not complex. In addition, Smith does not demonstrate a likelihood of success on the merits. Accordingly, Smith's motion to appoint counsel (Dkt. 90) is **DENIED**.

Finally, Smith filed a motion for writs of habeas corpus. Dkt. 88. In the motion, Smith seeks to have twelve incarcerated persons transported to the Court to testify at trial. The Court concludes that Smith has failed to show that any of these potential witnesses have personal knowledge of information that relates to Smith's claims. Accordingly, the Court concludes that Smith's motion for writs of habeas corpus (Dkt. 88) is **DENIED**. However, such denial is without prejudice to Smith filing a motion seeking similar relief that explains the personal knowledge each witness will testify to and how that testimony is relevant to Smith's claims.

The foregoing Minute Order was authorized by the Honorable BENJAMIN H. SETTLE, United States District Judge.

       /s/ Trish Graham
       Trish Graham
       Judicial Assistant

MINUTE ORDER - 2